NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

SPOTLIGHT COMPANY, Inc.,
Respondent.

No. 71–1471.

United States Court of Appeals,
Eighth Circuit.

Submitted April 14, 1972.

Filed May 12, 1972.

Alice Andrews, Atty., N. L. R. B., Washington, D. C., Peter G. Nash, Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, John D. Burgoyne, Atty., N.L.R.B., for petitioner.

James W. Moore, Smith, Williams, Friday, Eldredge & Clark, Little Rock, Ark., for respondent.

Before VAN OOSTERHOUT, BRIGHT, and STEPHENSON, Circuit Judges.

PER CURIAM.

The National Labor Relations Board determined that Spotlight Company, Inc. (Company) had committed unfair labor practices in violation of § 8(a) (3) and § 8(a) (1) of the National Labor Relations Act, 29 U.S.C. § 158(a) (3) and (1), by discriminating against three employees because of their union activities. The practices in question occurred during May and September of 1969 at the Company's ladies' lingerie manufacturing plant in Ashdown, Arkansas, in the midst of a campaign to unionize that plant.[1] This appeal is a sequel to an earlier proceeding in which we sustained certain Board findings that the Company was guilty of unfair labor practices, including unlawful discrimination against employees who had joined the union. Spotlight Company, Inc. and International Ladies' Garment Workers' Union, AFL–CIO, 181 N.L.R.B. 641, 73 LRRM 1488 (1970), *enforced with one exception*, NLRB v. Spotlight Co., 440 F.2d 928 (8th Cir. 1971) (Spotlight I).

We sustain the Board's determination of Act violations with respect to two of the three employees in question. We find substantial evidence in the record supporting the Board's determination that the Company discharged Lydia Marie Sewell, a sewing employee on the production line, because of hostility toward the union, and not because of her alleged low production. We also find adequate evidentiary support for the Board's determination that the Company refused reinstatement to Polly Bryant because of union animus, rather than because she had overstayed a sick leave granted to permit Bryant to undergo surgery. With respect to both of these employees the Board adopted an underlying trial examiner's ruling, based in part upon credibility determinations, that the Company's explanation for its actions was pretextual.

We turn to a consideration of the third employee in question, Wilma Davis. Following a period of time on sick leave, the Company refused to reinstate this employee because she declined to sign a written statement, as follows:

I, Wilma Davis, hereby agree within two weeks to make as much or more than my fellow worker on a like operation, since I am experienced. If not I will leave the employment of SPOTLIGHT CO., INC., no questions asked because of my inability to do so.

The trial examiner determined that this condition for reinstatement did not constitute discrimination against Davis for her union activities since the uncontradicted evidence showed (a) her past production was below average; (b) the Company had made similar oral requests of other employees; and (c) union activities on the part of Mrs. Davis, if any, were minimal, and in any event, it was doubtful whether the Company even knew of any union activities by Mrs. Davis. In part, his ruling rested on credibility determinations.

The Board overruled the trial examiner's findings concerning Mrs. Davis, stating that the evidence "preponderate[d] in favor of a finding that [the Company's] requirement of a written statement * * * was a discriminatory act based on Davis' union activities * * *." In drawing this conclusion the Board noted that (a) Wilma Davis had worked for twenty months without complaint from the Company about her production output, and (b) the Company expressed displeasure with Mrs. Davis at the time of her request for reinstatement because she had gone to the State Labor Board in a previous dispute over vacation pay. The claim for vacation pay was incorporated into unfair labor practice charges brought by the union on behalf of Mrs. Davis, alleging that the Company had refused vacation pay

1. The union involved was the International Ladies Garment Workers' Union, AFL-CIO.

to her and other employees because of their union "membership and activities." This claim was dropped, however, when the Company paid the disputed amount.

■ In this instance, we cannot sustain the Board's determination. The Company did not refuse to re-employ Mrs. Davis. It asked that, as a condition of reinstatement, she meet ordinary production quotas within a reasonable time. Since undisputed evidence established that similar oral promises had been obtained from others, the discrimination charge here principally centers upon the Company's requirement of a written promise rather than an oral one. The trial examiner credited the reasons given for this requirement in the testimony of the plant manager. In substance, the plant manager testified that similar requests had been made of other employees, and since Davis had such an "erratic work record," was "constantly low" in output, and the Company had invested $2,000 "training her," he felt that "a written statement from Davis was necessary." With this credited testimony, we find little evidence to suggest any discriminatory motivation on the part of the Company. The Company had received from the union a list of names of those employees on the "organizing committee." Unlike the names of Sewell and Bryant, Mrs. Davis' name did not appear on this list. As a result, the Company would have been unlikely to single out Mrs. Davis for discriminatory treatment as an example to other employees. Although the record shows that the plant manager expressed some displeasure in the manner in which Davis went about collecting her vacation pay in an earlier dispute, in examining the record as a whole we do not think that this fact furnishes the necessary substantial evidence to justify the Board's finding of unlawful discrimination against Mrs. Davis for her participation in union activity. *See* Spotlight I, 440 F.2d at 931 (re: Nina Jean Green); Acme Products, Inc. v. NLRB, 389 F.2d 104, 105–106 (8th Cir. 1968); NLRB v.

Superior Sales, Inc., 366 F.2d 229, 232–233 (8th Cir. 1966).

Accordingly, we grant enforcement of the Board's order except as to Mrs. Wilma Davis. The Board may assess two-thirds of its costs.